IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA J. LUNDVALL, personally
and as LAST FRIEND, NEXT
FRIEND, and BEST FRIEND of
PAUL LUNDVALL, DECEASED,

        Plaintiff,

v.

                                                                  No. Civ. 00-1470 MV/DJS

ROSS E. ZUMWALT, et al.,

        Defendants

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Valencia County Defendants' Motion to Dismiss, filed March 26, 2001 **[Doc. No. 14]** and the Valencia County Defendants' Motion to Dismiss on the Basis of Qualified Immunity, filed June 12, 2001 **[Doc. No. 21]**. The Court, having considered the motions, response, reply, relevant law, and being otherwise fully advised, finds that the Motion to Dismiss is well-taken and will be **GRANTED**. The Motion to Dismiss on the Basis of Qualified Immunity will be **DENIED AS MOOT**.

### BACKGROUND

Plaintiff's son Paul Lundvall, and his girlfriend Roberta Quintana, both died of fatal gunshot wounds in October 1997. On October 23, 2000, Plaintiff filed a complaint alleging that Defendants violated her rights under 42 U.S.C. §§ 1983 and 1985. Plaintiff also presented three

state tort claims.[1] In her complaint, Plaintiff alleged that: her son and his girlfriend were "murdered by individuals associated with illegal drug smuggling activities," Compl. at ¶ 8; members of the Valencia County Sheriff's Office[2] knew of the "true circumstances" of these murders, Compl. at ¶ 9; the VCSO defendants "undertook a campaign and conspiracy to prevent the true and correct nature of the murders . . . from becoming known to the public," Compl. at ¶ 10; the VCSO defendants "entered into a combination with" the Office of the District Attorney to cooperate and "hide the true nature of the murders" and "improperly failed to prosecute the murders," Compl. at ¶ 11; and that, "[h]aving combined improperly, knowing the true nature of the double murder, the District Attorney defendants and VCSO defendants further undertook a combination and conspiracy with the Office of the Medical Investigator . . . to further conceal the true murderers . . . and the true circumstances of [the] murder . . . which circumstances would prove detrimental to the VCSO defendants if made public because it would reveal information damaging to the VCSO defendants," Compl. at ¶ 12. Finally, Plaintiff alleged that the scope of the conspiracy "was to hide the true facts of the double murder through a false autopsy, to dissuade members of the diseased [sic] family from inquiry or concern about the murders, and to mislead the public generally about the true nature of the murders." *Id.* The VCSO defendants filed a Motion to Dismiss, to which Plaintiff timely responded. The VCSO then filed a Motion to Dismiss on the basis of qualified immunity and Plaintiff failed to file a response.

---

[1] The tort claims asserted are: improper handling of a body, defamation, and tort per se. *See* Compl. at 5.

[2] All of the defendants associated with Valencia County will hereafter be referred to collective as "the VCSO defendants."

2

**STANDARD**

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the Court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

**ANALYSIS**

**A.    Federal Constitutional Claims**

Plaintiff alleges that the actions of all the defendants "were undertaken to deprive Paul Lundvall of his Constitutional and Statutory Rights including but in no manner limited to violations of the First, Fourth, Fifth and Fourteenth Amendments under Color of State Law," that

3

"Paul Lundvall was in fact so deprived and suffered severe damages caused actually and proximately by the deprivation of his Constitutional and Statutory Rights under Color of State Law in violation of 42 U.S.C. § 1983," and that "as next, best and last friend of [Paul] Lundvall, damages should be awarded to his mother, the plaintiff herein." Compl. at ¶ 14, 15.

It is well-settled that in order to prevail in an action brought under 42 U.S.C. § 1983, the plaintiff must demonstrate that the defendant has deprived her of a right secured by the Constitution while acting under color of state law. *See Childress v. City of Arapaho*, 210 F.3d 1154, 1156 (10th Cir. 2000) (citing *Radecki v. Barela*, 146 F.3d 1227, 1229 (10th Cir. 1998)). In their Motion to Dismiss, Defendants challenge Plaintiff's § 1983 claim on the ground that the claim is premised not on the deprivation of Plaintiff's own constitutional rights, but, rather, on the deprivation of her son's constitutional rights, and a deceased person has no constitutional rights of which he may be deprived. *See* Mem. in Supp. of Mot. to Dismiss at 4 (citing *Love v. Bollinger*, 927 F.Supp. 1131, 1136 (S.D. In. 1996) (internal citations omitted)). In her Reply, Plaintiff does not challenge Defendants' legal argument, but contends that she *is*, in fact, seeking redress for injuries she sustained in connection with the deprivation of her own constitutional rights. Reply at 2-4. Because it is ruling on a Motion to Dismiss for failure to state a claim, the Court is inclined to give Plaintiff the benefit of the doubt and to construe her complaint as setting forth claims for the deprivation of her own constitutional rights. The Court, therefore, declines to address Defendants' argument that the deceased are not "persons" within the meaning of § 1983.

Defendants appropriately characterize Plaintiff's Response to their Motion to Dismiss as "somewhat jumbled." Reply to Resp. to Mot. to Dismiss at 2. Plaintiff states in her Response that she has rights "that must be protected," Resp. at 2, but does not list the rights that she

believes were violated in this case. In any event, the Court reads Plaintiff's pleadings as setting forth claims for the following constitutional deprivations: (1) her right to associate with family members, specifically her son; (2) her right of access to the courts; and (3) her right to an investigation of her son's death.[3]

In support of her right of association claim, Plaintiff relies on the Seventh Circuit Court of Appeals' decision in *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). In *Bell*, a Milwaukee police officer wrongfully shot and killed Daniel Bell, a young African-American man. The Plaintiffs, the deceased's siblings and the estate of the deceased's father, filed a civil rights action under § 1983 alleging, *inter alia*, that they were deprived of their right to associate with Bell. The Seventh Circuit ruled that the estate of the deceased's father was entitled to recover.[4] *Bell* is distinguishable from this case on one critical ground: in *Bell*, the defendants' gross recklessness caused Bell's death, in violation of the Fourteenth Amendment. *Bell*, 746 F.2d at 1238 ("It is axiomatic that the Fourteenth Amendment protects individuals from deprivation by the state of life without due process. . . . [The defendant's] recklessness clearly suffices, and Daniel Bell most assuredly was denied due process in the deprivation of his life.") It is certainly true that the Seventh Circuit in *Bell* recognized the right of a parent to recover under § 1983 for the wrongful deprivation, at the hands of the state, of his right to associate with his son. *See id.* at 1242-1245. Nonetheless, the fact remains that in *Bell*, the defendants actually committed the acts

---

[3] Defendants suggest that Plaintiff is also attempting to set forth a constitutional claim involving a right to have her son's body properly handled. Reply to Resp. to Mot. to Dismiss at 2. The Court construes Plaintiff's claim that she had a right to have her son's body properly handled as asserting a state law tort claim only.

[4] The Court also ruled that Bell's siblings did not have a constitutionally-protected right of association with their brother. *Bell*, 746 F.2d at 1245-1248.

that caused the death of the child.  Here, there is simply no allegation that the VCSO defendants are in any way responsible for the death of Paul Lundvall.  Accordingly, the Court concludes that Plaintiff has failed to allege facts that would support a claim that her constitutional right to associate with her son was violated.

The Court construes Plaintiff's access to the courts claim as being grounded upon the following allegations: (1) the defendants "conspired to obfuscate and frustrate the nature and cause of death and the truth of those involved in the death," Resp. at 3; and (2) the defendants intentionally corrupted crime scenes, intentionally fouled criminal investigations, and interfered with the decent handling of the deceased with the purpose of making it impossible for the victim's family to have meaningful access to the justice of the courts.  *See id.*  Defendants are correct that to the extent that Plaintiff's access to the courts claim is premised on a failure to investigate, such a claim cannot succeed because the failure to investigate a crime is not, in itself, a constitutional violation.  *See* Reply to Resp. at 4 (citing *Love*, 927 F.Supp. at 1137); *see also Wilson v. Meeks*, 52 F.3d 1547, 1557 (10th Cir. 1995).  To the extent that Plaintiff's claim is premised on an actual conspiracy or cover-up, Plaintiff fails to allege facts that would entitle her to relief.  In order to allege a cause of action for deprivation of her right to access the courts, Plaintiff must set forth facts sufficient to demonstrate that her ability to file suit was impeded.  *See Wilson*, 52 F.3d at 1557-58 (citing *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994)).  Plaintiff has not alleged that the defendants have, in any way, impeded her ability to file suit.  Accordingly, the Court concludes that Plaintiff has failed to allege facts that would support a claim that her constitutional right to access to the courts was violated.

Plaintiff's third argument, that Defendants have deprived her of her right to have the death

of her son investigated, must fail for reasons that have already been explained, *see supra* at 6.  As explained above, the failure to investigate a crime is not, in itself, a constitutional violation.  *See Love*, 927 F.Supp. at 1137; *Wilson v. Meeks*, 52 F.3d 1547, 1557 (10th Cir. 1995).  *See also Nieves-Ramos v. Gonzalez-De-Rodriguez*, 737 F.Supp. 727 (D. P.R. 1990) (no cause of action under § 1983 for failure to prosecute crime) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another.").  In any event, Plaintiff does not actually allege that Defendants failed to prosecute her son's death; rather, she alleges that they failed to reach the same conclusion regarding the cause of her son's death that she did.  Even assuming that Plaintiff could state a claim for the failure to investigate a crime, which she cannot, Plaintiff has no protectable interest in ensuring that a police investigation yield any particular result.  Accordingly, Plaintiff's claim that Defendants failed to investigate her son's death must be dismissed.

**B.** **State Tort Claims**

The New Mexico Tort Claims Act was enacted in response to the New Mexico Supreme Court's decision in *Hicks v. State*, 544 P.2d 1153 (1975), which abolished judicially recognized sovereign immunity.  *See Methola v. County of Eddy*, 622 P.2d 234, 236 (1980). Under the Act, governmental actors are immune from tort liability, except that this immunity "does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties."  N.M.S.A.

§ 41-4-12 (1978); *see also Dunn v. State ex rel. Taxation & Revenue Dep't*, 859 P.2d 469, 471 (N.M. Ct. App. 1993) ("Section 41-4-4(A) of the State Tort Claims Act grants immunity from tort liability for government entities and public employees, except as waived in Sections 41-4-5 to -12.")

Under the Tort Claims Act, a plaintiff seeking to sue a state entity must first provide the entity with "a written notice stating the time, place and circumstances of the loss or injury." N.M.S.A. § 41-4-16(a). Plaintiff has not alleged that she provided the requisite notice. Therefore, Plaintiff's state tort claims against the Office of the Medical Investigator of the State of New Mexico and against the Valencia County Sheriff's Office must be dismissed.[5] Furthermore, all claims brought under the New Mexico Tort Claims Act are subject to a two-year statute of limitations. *See* N.M.S.A. § 41-4-15(A) ("Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death.") All of the acts of which Plaintiff complains appear to have occurred in October of 1997. Therefore, in order to comply with the applicable statute of limitations, Plaintiff was required to file her complaint by October of 1999. Plaintiff's complaint was not filed until October 23, 2000. Therefore, all of Plaintiff's state tort claims are barred by the statute of limitations.

In any event, Defendants are entitled to sovereign immunity with respect to all of Plaintiff's claims. As explained above, governmental actors are immune from state tort liability,

---

[5] Plaintiff's state tort claims against the individual defendants may not be dismissed on this ground because the notice provisions of the New Mexico Tort Claims Act do not apply to individual government employees. *Dunn*, 859 P.2d at 472 (citing *Dutton v. McKinley County Bd. of Comm'rs*, 822 P.2d 1134, 1135-36 (N.M. Ct. App. 1991); *Frappier v. Mergler*, 752 P.2d 253, 257 (N.M. Ct. App. 1988)).

except that this sovereign immunity is waived for claims of "personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." N.M.S.A. § 41-4-12 (1978). None of the acts of which Plaintiff complains, save one, fall within this waiver provision. Defamation does fall within the waiver provision; however, Defendants are correct that as a matter of law, a deceased person cannot be defamed. *See* Resp. at 7 (citing RESTATEMENT (SECOND) OF TORTS, § 560). Accordingly, the Court finds that Defendants are entitled to sovereign immunity with respect to all of Plaintiff's state law tort claims.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Dismiss [Doc. No. 14] is hereby **GRANTED**. Defendants' Motion to Dismiss on the Basis of Qualified Immunity [Doc. No. 21] is hereby **DENIED AS MOOT**.

_____
Martha Vázquez
U. S. District Judge

Attorney for Plaintiff
    Jonas Rane

Attorney for Defendants
    Sean Olivas