IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA J. LUNDVALL, personally and as
LAST FRIEND, NEXT FRIEND, and BEST
FRIEND of PAUL LUNDVALL,
DECEASED,

        Plaintiff,

vs.

ROSS E. ZUMWALT, et al.,

        Defendant.

CIV No. 00-1470 MV/DJS

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsider Case Dismissal filed November 2, 2001 **[Doc. No. 31]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

### BACKGROUND

Plaintiff brought her complaint for violation of civil rights through her counsel on October 23, 2000. Defendant moved the Court to dismiss the complaint, and on October 25, 2001, this Court granted Defendants' motion **[Doc. No. 29]**. A judgment reflecting this order was entered the same day. Plaintiff filed a motion for reconsideration on November 2, 2001 **[Doc. No. 31]**, and then filed an appeal of this Court's dismissal of her case on November 5, 2001 **[Doc. No. 33].**

1

## DISCUSSION

Plaintiff's Motion to Reconsider was filed more than ten days after the judgment of dismissal was entered in this case. Accordingly, her Motion is brought under FED. R. CIV. P. 60(b), rather than FED. R. CIV. P. 59(e). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

Plaintiff appears to request reconsideration on the basis of her counsel's failure to take action regarding the investigation of factual evidence in her son's case. The allegations in the instant motion do not change the fact that the complaint in this case failed to allege sufficient facts to state a claim for a violation of constitutional rights. Furthermore, her assertions about her attorney's failure to investigate does not correct the fact that Plaintiff did not file her claim within the statute of limitations under the New Mexico Tort Claims Act. Plaintiff's motion also fails to raise any change in the law, new evidence, clear error, or manifest injustice, as required by FED. R. CIV. P. 60(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Case Dismissal **[Doc. No. 31]** is hereby **DENIED.**

Dated this 12th day of July, 2002, in Santa Fe, New Mexico.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
Maria J. Lundvall, *pro se*

Attorney for Defendant:
Sean Olivas